[No. 7,322.—Department One.]

## KATHERINE KOCHER v. FLAVEL HAYFORD.

MISTAKE—REFORMATION OF DEED—PLEADING—DEMURRER.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Superior Court of the County of Stanislaus. HEWELL, J.

Action to reform a deed executed by the defendant to the plaintiff. The complaint, in effect, alleged the execution of the deed, for a valuable consideration, and the mistake— which consisted in the insertion of the north-west quarter of section 6, etc., instead of the north-east quarter, as was intended. The answer, in effect, alleged, that at the time of the execution of the deed referred to in the complaint, the plaintiff executed to the defendant a bond—which was part of the consideration for the deed—by which he bound himself, upon certain conditions, to convey to the defendant the same lands described in the deed, including the north-west quarter of section 6, and also executed to him a lease for the same lands; that the said bond was intended to describe the same lands intended to be described in the said deed; that plaintiff has never tendered or offered to give defendant a bond for a deed for any other lands than those described in said bond, and has never offered or tendered to defendant, that if defendant would change or correct the description of the lands mentioned in the deed, the plaintiff would change or correct the description of the lands mentioned in the bond. The Court found, that before any proofs were offered in the cause, the attorneys for plaintiff admitted in open Court that the same mistake occurred in the bond as in the deed, and offered to reform the bond if the defendant would reform the deed; and that prior to the commencement of the suit the plaintiff made the same offer to the defendant; also, that the lease referred to had expired, and that under it during the term the defendant enjoyed the possession of the north-east quarter of the section. A petition for hearing in bank was filed in this case after judgment, and denied.

*J. K. Law,* for Appellants.

The demurrer to the complaint should have been sustained. It is well settled that a complaint, claiming relief on the ground of mistake, must not only distinctly aver the fact of mistake, but must also set forth the circumstances under which it occurred, in so far as those circumstances may be necessary to present a case within the rule of equity, upon which relief is granted. (*Wright* v. *Shafter,* 48 Cal. 275; *Barfield* v. *Price,* 40 id. 535; *El Dorado County* v. *Elstner,* 18 id. 144; *Goodenow* v. *Ewer,* 16 id. 461.) It does not appear from the complaint, that plaintiff ever attempted to have any mistake corrected, or called defendant's attention to any mistake, or that she did not know what the description was at the time of the execution and delivery of the deed; or that she ever performed, or offered to perform, any of the conditions precedent or concurrent to entitle her to a deed. (*People* v. *Jackson,* 24 Cal. 631; *Englander* v. *Rogers,* 41 id. 420; *Barron* v. *Frink,* 30 id. 486; *Hill* v. *Grigsby,* 35 id. 656; Civ. Code, §§ 1439, 1437.) We can not agree with counsel for plaintiff, that any averment of the answer can help out plaintiff's complaint. Plaintiff must recover on the allegations of her complaint, if at all. (*Mercier* v. *Lewis et al.,* 39 Cal. 532.) It would appear from the record in this case, that plaintiff attempts to maintain an action in equity to reform a deed, while studiously concealing the facts of the transaction out of which it is claimed the mistake arose; and when defendant sets up additional facts in defense, she seeks to recover on the facts pleaded by defendant.

*Frank H. Farrar* and *P. D. Wigginton,* for Respondent.

The complaint is good, and the demurrer of Flavel Hayford as to the first count was properly overruled. (Jones on Mort., §§ 97, 98; *Ruhling* v. *Hackett,* 1 Nev. 360; *Gillespie et Ux.* v. *Moon,* 2 Johns. Ch. 585; S. C., 7 Am. Dec. 559; *Quivey* v. *Baker,* 37 Cal. 465; *Lestrade* v. *Barth,* 19 id. 660; *Wagenblast* v. *Washburn,* 12 id. 208; *Woodworth* v. *Guzman,* 1 id. 203.) The question of a prior offer to reform the bond and lease, and demand that the deed be reformed, was only important in reference to the costs of the action, and had no bearing upon the

merits of the case or the rights of the parties.. (*Gray et al.* v. *Dougherty et al.,* 25 Cal. 266.)

The COURT:

An examination of the record in this case satisfies us beyond doubt that the agreement of the parties to the deed sought to be reformed was that the north-east quarter of section 6 should be included, instead of the north-west quarter of that section. The findings are abundantly supported by the evidence. The decree corrects the mistake which occurred in the deed, and gives effect to the intention of the parties to it.

Judgment and order affirmed.